(No. 39122.—)

The City of Chicago, Appellant, *vs.* The Illinois Commerce Commission *et al.,* Appellees.

*Opinion filed January 25, 1966.*

Raymond F. Simon, Corporation Counsel, of Chicago, (Mathias M. Mattern and Bernard Rane, Assistants Corporation Counsel, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, (Edward G. Finnegan, Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission.

Howard D. Koontz, of Chicago, (Robert Mitten, of counsel,) for appellee Illinois Central Railroad Company.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

In 1961 the Illinois Central Railroad filed tariffs with the Illinois Commerce Commission in which it proposed to increase commuter fares in its Chicago suburban area by 8.2%. The city of Chicago intervened, objecting to the proposed increase. The commission suspended the tariff pending a hearing and decision. Hearings were held and extensive evidence taken, after which the increases sought by the railroad were granted. Upon review in the circuit court of Cook County the order was confirmed, and the city appeals further directly to this court as authorized by Rule 28—1. Ill. Rev. Stat. 1965, chap. 110, par. 101.28—1.

The city contends first that the increase was based on an issue of which it had no notice, namely whether the proposed rates represented a fair and reasonable return on the value of the property. In its letter of transmittal filed with the tariffs the railroad had stated that since the last adjustment of fares in 1957 increases had taken place in wages, payroll taxes and the cost of materials and supplies, and that the requested 8.2% increase in fares was designed to produce only enough revenue to cover these increases in expense. The city's argument is that because of a discontinuance of certain suburban trains and stations the railroad's total operating expenses in fact decreased, and that this reduction offset the increases relied upon by the railroad. It is objected that after this was brought out the railroad was allowed to submit evidence relating to rate base and rate of return upon which the commission's findings were made, that this constituted a change of the issue in the case, and that the city "should have been given proper notice regarding the issues involved in this proceeding."

We cannot accept the argument. When the commission suspended the proposed tariffs pending a hearing and decision thereon, its duty was to determine whether the proposed rates, or others in lieu thereof, were just and reasonable. (See Ill. Rev. Stat. 1961, chap. 111⅔, par. 36.). This is the ultimate issue in these cases, and its determination

depends upon the present fair value of the utility's property. (*Illinois Bell Telephone Co.* v. *Illinois Commerce Com.* 414 Ill. 275, 289; *Peoples Gas Light and Coke Co.* v. *Slattery,* 373 Ill. 31.) The method by which the railroad arrived at the proposed 8.2% increase does not determine the issue to be decided, nor does it limit the scope of inquiry to the three items of expense mentioned.

The city next complains of what it calls a "passive" attitude on the part of the commission. It is contended that the commission must do more than make determinations on the facts before it, that it is "charged with the positive duty of ferreting out the facts, of verifying financial data submitted to it, and, in general, of taking an active, positive approach." It is suggested that the figures used by the commission were merely accepted at face value without investigation, and cannot, therefore, constitute the kind of findings contemplated by the law. There is no merit in the contention. The act *authorizes* the commission to undertake investigations on its own initiative, and it *may* take affirmative steps to verify the accuracy of evidence submitted. But these are powers, not duties. There is nothing in the act indicating that the commission *must* exercise them whenever a utility applies for an increase in rates. (*Central Illinois Public Service Co.* v. *Illinois Commerce Com.* 5 Ill.2d 195.) In the case at bar the commission determined that an independent investigation was not necessary, and the city has failed to show the decision was arbitrary.

There has been no showing whatever that the findings fail to support the order, or that the evidence is insufficient to sustain the findings, or that other error occurred. In view of this conclusion it is unnecessary to consider other grounds relied upon by the railroad to sustain the judgment. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*